**In re "AGENT ORANGE" Product Liability Litigation.**

**MDL No. 381.**

United States District Court, E.D. New York.

Sept. 15, 1983.

Victor J. Yannacone, Jr., Yannacone & Associates, Patchogue, N.Y., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for defendant The Dow Chemical Corp.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendant T.H. Agr. & Nutrition Co., Inc.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Philip D. Pakula, Townley & Updike, New York City, for defendant Monsanto.

William Krohley, Kelley Drye & Warren, New York City, for defendant Hercules, Inc.

Thomas Beck, Arthur, Dry & Kalish, New York City, for defendant Uniroyal.

Howard Lester, Lester, Schwab, Katz & Dwyer, New York City, for defendant Hoffman-Taft.

John M. Fitzpatrick, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant Hooker Plastics & Chemicals Corp.

David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for defendant Thompson Chemical Co.

Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for defendant Riverdale Chemical Co.

Arvin Maskin and Gretchen Leah Witt, Civil Division, Dept. of Justice, Washington, D.C., for United States of America.

Pretrial Order No. 59

GEORGE C. PRATT, Circuit Judge, sitting by designation:

Defendants have appealed from an oral order of the special master regulating deposition discovery over the next three months. Initially, the court stayed all discovery. In December 1980 that stay was modified so that discovery could proceed on the government contract defense issues. By pretrial order no. 51, dated May 20, 1983, the court granted summary judgment to four of the defendants on the government contract defense and directed as to the remaining defendants that the case proceed with preparation for trial on the common issues involving the government contract defense, liability, and causation.

■ Defendants contend that despite the court's May 1983 direction for preparation of a trial on liability and causation issues, the earlier stay of discovery on those issues remained in effect. That was not the intent of the court's order. There has been no stay of discovery since May 20, 1983.

The fact of the matter, however, is that in the ensuing four months, neither side has conducted much discovery in the area of liability and causation. Defendants have continued to explore the outer reaches of government contract defense discovery. The freedom granted the parties over the last four months has not produced the progress desired by the court; as a result, the special master imposed the three-month program which is the subject of this appeal.

■ There is no merit to defendants' objection that the program permits more depositions to the plaintiffs than to the defendants. So far, the vast majority of depositions have been conducted by defendants. While they have nominally been addressed to the government contract defense, they have also included many questions in the areas of causation and liability. Further, plaintiffs' failure thus far to undertake a regular program of depositions makes appropriate the program directed by the special master.

This is not the only discovery to be permitted on liability and causation; it is designed merely to regulate how the parties will use available deposition time over the course of the next three months. Nor does the special master's program preclude simultaneous document discovery or interrogatories, both of which may be carried out subject to his directions.

■ Defendants object that plaintiffs should not be required to conduct depositions without the benefit of documents. Apparently, there has been some misunderstanding with respect to the production of

documents so far. Until the May 20, 1983 order of the court, the parties could properly withhold documents that related solely to causation, either by subject matter or because they dealt with events that occurred only after the relevant period of the government contract defense, namely, after 1971. With the opening of the case to include liability and causation issues, however, in the court's view all parties were obligated to produce immediately the documents relevant to those additional issues, but evidently some defendants have not done so. The court anticipates that the parties will immediately produce those documents on an expedited schedule to be established by the special master.

Plaintiffs have made no objection to the special master's program. From their silence, the court assumes that plaintiffs can comply with the deadlines, requirements, and spirit of the schedule in a manner consistent with their own evaluation of the case and their obligations to their clients.

Defendants object that the program established by the special master says nothing about expert witnesses. It was not designed to deal with the problem of expert witnesses which will be the subject of other directions of the special master.

It should be stressed that the program established by the special master does not set forth the only depositions that will be permitted; it merely controls the utilization of deposition time over a three month period. Defendants can suffer no prejudice from implementation of the program. The parties, the special master, and the court will be better able to evaluate any remaining discovery needs once we near the end of the three month period.

Finally, defendants continue to insist they do not understand the term "general causation" as it has been used by the court in prior orders. The court views defendants' posture as one of feigned ignorance. On the remote possibility, however, that something more than pure litigation tactics is involved, the court reminds the defendants that the scope of the Agent Orange litigation is massive, that an enormous burden would be placed on the parties, and particularly the defendants, if all issues had to be tried in separate litigations in separate courts around the country, and that literally millions of dollars in litigation expenses can be saved all parties if those issues of fact and law that are common to all or many of the individual lawsuits can be resolved in a single trial with one set of attorneys and one set of expert witnesses. In that light, the term "general causation" is to be understood in contrast to "specific causation", the latter term being addressed to whether exposure to Agent Orange did in fact cause a particular condition suffered by a particular plaintiff. The former term is addressed to the common question of whether exposure to Agent Orange in the manner that it was used in Vietnam could cause the kinds of injuries that plaintiffs claim to have suffered.

The discovery program established by the special master which is the subject of this appeal is approved with its commencement date to be delayed for a short time to be determined by the special master so as to allow the parties to produce the remaining documents on discovery and liability issues that may have been withheld because of possible misunderstanding over the import of the court's ruling in May 1983. The special master will establish the expedited program for production of remaining documents and the commencement of the three month deposition program. He may also, of course, within the scope of his general powers, allow such other discovery by documents and interrogatories as may seem appropriate.

SO ORDERED.